```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

<u>Visuals Unlimited, Inc.</u>

    v.                                    Civil No. 11-cv-415-LM

<u>John Wiley & Sons, Inc.</u>
<u>and John Doe Printer 1-10</u>

### <u>O R D E R</u>

Before the court are the parties' competing, proposed protective orders (doc. nos. 18-3 and 18-14).  The dispute between the parties concerns whether the party who makes the designation that material is confidential under the protective order ("designating party") or the party who challenges the designation ("objecting party") should bear the initial burden of bringing a dispute about a designation before the court.  Having considered the arguments made by counsel at the pretrial conference and the memoranda filed since that conference, the court concludes that the objecting party shall bear the initial burden of bringing any dispute regarding designation before the court.

The following process shall govern any such filing:

a.  The objecting party shall notify the designating party in writing of any objection to the designation and the grounds therefor.

    b.  Within ten (10) days following the designating party's receipt of a written objection, the parties shall meet and confer and attempt to reach a resolution without court intervention.

    c.  To the extent an agreement cannot be reached, the designating party shall forward to the objecting party a detailed written explanation for each separate document (or category of documents) justifying the legal basis for the designation.  The written explanation shall contain more than mere boilerplate; it shall provide meaningful, substantive justifications for the designation(s) at issue.  This written explanation shall be forwarded to the objecting party no more than ten (10) days following the meet and confer.

    d.  Upon receipt of the designating party's written explanation, the objecting party may thereafter file a motion bringing the dispute before the court.

    e.  Once the objecting party has filed its motion, the designating party may then file a motion supporting the designation.  Upon request, the court will permit the objecting party to file a reply to the designating party's motion.

    f.  The designating party shall bear the burden of persuasion on the question of whether good cause exists for the disputed material to continue to be treated as confidential.

    g.  Until the court issues a ruling, the disputed document(s) shall be treated as confidential under the terms of the protective order.

With the exception of paragraphs 12, 13, and 18, the parties' proposed protective order (doc. no. 18-5) is approved.[1] Accordingly, the court has issued a protective order on this date.

    SO ORDERED.

                          _____
                          Landya McCafferty
                          United States Magistrate Judge

February 8, 2012
cc: Christopher P. Beall, Esq.
    Jennifer Turco Beaudet, Esq.
    Kathleen A. Davidson, Esq.
    Jamie N. Hage, Esq.
    Maurice Harmon, Esq.
    Robert Penchina, Esq.

---

[1] Paragraph 12 of the parties' proposed protective order concerns the procedure for objecting to confidential designations made for the purposes of pretrial discovery. The court has edited that paragraph to reflect the content of this order. Paragraph 13 of the proposed protective order concerns the procedure for filing such materials under seal with the court. Local Rule 83.11(c) governs the latter process, and the court edited paragraph 13 to reflect that. With respect to paragraph 18, the court deleted it. To the extent the parties seek some sort of permanent injunctive relief with respect to confidential material, that request is not properly before the court in the form of a proposed protective order. In addition to the aforementioned edits to paragraphs 12, 13, and 18, the court has made minor stylistic edits and replaced references to "business days" with "days" for imposing deadlines.